**MESTER MANUFACTURING COMPANY, Petitioner,**

v.

**U.S. IMMIGRATION & NATURALIZATION SERVICE, Respondent.**

No. 89–70133.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 16, 1989.*

Decided April 10, 1990.

* The parties have stipulated and the panel agrees that this case is suitable for decision without oral argument. Fed.R.App.P. 34(f); Ninth Circuit Rule 34-4.

Kenneth S. Klein, Gray, Cary, Ames & Frye, San Diego, Cal., for petitioner.

Karen L. Fletcher, Civil Div., U.S. Dept. of Justice, Washington, D.C., for respondent.

Before POOLE, BEEZER and TROTT, Circuit Judges.

BEEZER, Circuit Judge:

Mester Manufacturing Co. ("Mester") appeals the decision of the Chief Administrative Hearing Officer ("CAHO") of the Executive Office for Immigration Review of the Department of Justice. The CAHO reversed the decision of an administrative law judge ("ALJ") who had awarded attorneys' fees under the Equal Access to Justice Act ("EAJA"), 5 U.S.C. § 504 (1988), incurred during an adversary hearing under the Immigration Reform and Control Act of 1986 ("IRCA"), 8 U.S.C. § 1324a (1988). Mester argues that the CAHO lacked authority to reverse the decision of the ALJ in its favor, that it was a "prevailing party" under the EAJA, and that the government's position was not "substantially justified" under the EAJA. Like our previous opinion on the merits in *Mester Manufacturing Co. v. Immigration & Naturalization Service*, 879 F.2d 561 (9th Cir.1989), this attorneys' fees appeal presents issues of first impression under IRCA. We affirm the CAHO's decision.

## I

In November of 1987 the Immigration and Naturalization Service served a seventeen-count complaint asking that an ALJ conduct a hearing, issue a cease-and-desist order, and impose civil penalties on Mester for violations of IRCA. Seven counts of the complaint alleged that Mester employed aliens in violation of 8 U.S.C. § 1324a(a)(1), (2) (1988), and ten counts claimed that Mester failed to comply with record-keeping requirements under 8 U.S.C. § 1324a(b) (1988). An ALJ conducted an exhaustive hearing in February of 1988 and found in favor of the INS on six employment violations. The ALJ found in favor of Mester on the merits in the remaining employment violation and on one paperwork count, explaining that the government's witness was not credible. The judge also found in favor of Mester on all ten record-keeping counts sua sponte because the government cited an incorrect statutory provision, denying Mester sufficient notice of the charges. We affirmed. *Mester Manufacturing Co. v. Immigration & Naturalization Service*, 879 F.2d 561 (9th Cir.1989).

Mester's request for attorneys' fees was initially granted by an ALJ. The ALJ concluded that Mester was a prevailing party on eleven counts, and that the government's position was not substantially justified. The government appealed to the CAHO who reversed the ALJ's decision in favor of Mester. Mester appeals.

Mester's contention that the CAHO lacked statutory authority to reverse an attorneys' fees decision of an administrative law judge is a question of law which we review de novo. *Mester Manufacturing Co. v. Immigration & Naturalization Service*, 879 F.2d at 565. However, we "give a certain amount of deference to an agency's reasonable construction of a statute it is charged with administering." *Id.* Although we review district court fee determinations for an abuse of discretion in EAJA cases brought under 28 U.S.C. § 2412, see *Pierce v. Underwood*, 487 U.S. 552, 108 S.Ct. 2541, 2549, 101 L.Ed.2d 490 (1988), the abuse of discretion standard is inappropriate for reviewing direct appeals from fee determinations under IRCA.

IRCA hearings are "conducted in accordance with the requirements of section 554

of Title 5." 8 U.S.C. § 1324a(e)(3)(B) (1988). Attorneys' fees for adversary adjudications under section 554 are recoverable under the EAJA, 5 U.S.C. § 504a(1) (1988). *See* 5 U.S.C. § 504(b)(1)(C) (1988). Appeals from EAJA fee determinations must be filed with "the court of the United States having jurisdiction to review the merits of the underlying decision of the agency adversary adjudication." 5 U.S.C. § 504(c)(2) (1988). IRCA permits only appellate courts to review ALJ determinations. 8 U.S.C. § 1324a(e)(8) (1988). Under the EAJA, we can modify a "failure to make an award of fees" when it is "unsupported by substantial evidence." 5 U.S.C. § 504(c)(2) (1988).

## II

Mester argues that the CAHO did not have authority to reverse the ALJ's fee determination. Alternatively, Mester maintains that even if the CAHO had the power to review ALJ fee awards made after an IRCA hearing, the CAHO could only reverse the ALJ if the ALJ abused his or her discretion. We reject both contentions.

■ The ALJ in this case concluded that his fee determination could not be administratively appealed. Mester asks us to adopt the ALJ's analysis. The ALJ first noted that IRCA hearings are brought under the Administrative Procedure Act ("APA"), 5 U.S.C. § 554 (1988). *See* 8 U.S.C. § 1324a(e)(3)(B) (1988). He stated that most APA adjudications can be heard either by an ALJ or by the head of an agency. IRCA hearings, on the other hand, can only be conducted by ALJs. *Id.* This discrepancy, he argued, suggests that ALJ decisions under IRCA should not be subject to administrative review. He added that the Department of Justice's repeated failure to promulgate a regulation requiring administrative appellate review for IRCA hearings indicated that adminis-

trative appellate review should not be allowed for attorneys' fees determinations by ALJs.

The ALJ ignored the explicit statutory authority allowing the "Attorney General [to] modif[y] or vacate[ ]" an ALJ decision. 8 U.S.C. § 1324a(e)(7). The Attorney General has explicitly delegated part of this review power to the CAHO. 28 C.F.R. § 68.52(a).[1] We note that § 68.52(a) does not specifically authorize review of attorneys' fees decisions by the CAHO. However, in light of the broad statutory authorization of administrative appellate review in § 1324a(e)(7), we believe the CAHO properly reviewed the ALJ's fee determination.

■ Mester maintains that even if the CAHO had authority to review the ALJ's decision, he should only have disturbed the ALJ's conclusion if the judge had abused his discretion. Mester relies on language in *Pierce v. Underwood*, 487 U.S. 552, 108 S.Ct. 2541, 2549, 101 L.Ed.2d 490 (1988) in which the Supreme Court held that appellate courts should apply the abuse of discretion standard to district court determinations of attorneys' fees under 28 U.S.C. § 2412. *Pierce* did not address the appropriate standard of review for administrative appeals under the EAJA.

IRCA does not establish a standard of review for administrative appeals. However, IRCA hearings are conducted in accordance with the requirements of the APA. 8 U.S.C. § 1324a(e)(3)(B) (1988). On administrative appeal or review of initial determinations under the APA, "the agency has all the powers which it would have in making the initial decision." 5 U.S.C. § 557(b). In an analogous case under the Social Security act, we have held that ALJ decisions can be reviewed de novo by the Appeals Council even though courts can only review decisions by ALJs for substantial evidence. *Razey v. Heckler*, 785 F.2d 1426, 1427–1429 (9th Cir.), *modified*, 794 F.2d 1348 (9th Cir.1986). The CAHO, therefore, properly applied a de novo stan-

---

1. The regulation states in part:
   "Upon issuance of a final order by an Administrative Law Judge in an unlawful employment or prohibition of indemnity bond case under 8 U.S.C. § 1324a, a copy of the decision together with the record of proceeding will be forwarded to the Chief Administrative Hear-

ing Officer, an official having no review authority over other immigration-related matters, who may conduct such review he or she deems appropriate.... [T]he Chief Administrative Hearing Officer may issue an order which adopts, affirms, modifies, or vacates the Administrative Law Judge's order."

dard of review to the ALJ's decision.

### III

 Assuming without deciding that Mester is a "prevailing party" under 5 U.S.C. § 504, it can only recover fees if the government's position was not "substantially justified." 5 U.S.C. § 504(a) (1988). The Supreme Court has explained that the government's position is substantially justified when it is "justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 552, 108 S.Ct. 2541, 2550, 101 L.Ed.2d 490 (1988). "Substantially justified" means "more than merely undeserving of sanctions for frivolousness." *Id.* It requires a "reasonable basis both in law and fact." *Id.* In this case, the ALJ concluded that the government's position was not substantially justified, but on appeal the CAHO disagreed.

The ALJ found against the government on ten alleged violations of record-keeping under 8 U.S.C. § 1324a(b) and one employment violation under 8 U.S.C. § 1324a(a)(1), (2). Nine of the record-keeping violations were not decided on the merits, but on the ground that the government indicated an incorrect IRCA provision in its complaint. Mester urges reversal on the ground that the government's record-keeping claims did not have a basis in law. However, just because the government mis-cited the statutory provision does not mean that its claims were not legally substantially justified.

The government also had a reasonable basis in fact for the record-keeping allegations. INS officials had once warned Mester that the company needed to keep better employment records. A subsequent investigation revealed that the company still did not have the appropriate paperwork for several employees. Mester has not alleged facts which call into question the government's factual basis for its record-keeping claims. The CAHO correctly concluded, therefore, that the government did have a reasonable basis in both law and fact for bringing the record-keeping claims even if Mester was misinformed of the accurate legal basis for the claims.

* The panel finds this case appropriate for submission without oral argument pursuant to Ninth

The ALJ decided one record-keeping violation and one employment violation on the merits because he found the testimony of the government's witness to be not credible. Nevertheless, substantial evidence in the record supports the CAHO's conclusion that the government's position was substantially justified. "The fact that an ALJ might make an adverse finding on a credibility issue does not, in and of itself, deprive the [government's] position of a basis in fact." *Temp Tech Industries, Inc. v. N.L.R.B.*, 756 F.2d 586, 590 (7th Cir.1985). Although the ALJ ultimately rejected the government's position, the testimony of the government's witness, if believed, established facts which would support the government's claims.

### IV

We affirm the CAHO's decision that attorneys' fees determinations under the EAJA for IRCA hearings can be administratively appealed, and we affirm the denial of attorneys' fees in this case because the government's position was substantially justified.

AFFIRMED.