EQUAL EMPLOYMENT OPPORTUNI-
TY COMMISSION,
Plaintiff–Appellant,

v.

KLOSTER CRUISE LIMITED, d/b/a
Norwegian Cruise Lines,
Defendant–Appellee.

No. 90–5800.

United States Court of Appeals,
Eleventh Circuit.

Aug. 21, 1991.

Estelle D. Franklin, Robert J. Gregory, E.E.O.C., Washington, D.C., for plaintiff-appellant.

Norman B. Smith, Smith, Patterson, Follin, Curis, James, Harkavy & Lawrence, Greensboro, N.C., for Amicus, Judy Corbeille.

J. Alberto Gonzalez–Pita, McDermott, Will & Emery, Miami, Fla., Paul J. Kozacky, McDermott, Will & Emery, Chicago, Ill., for defendant-appellee.

Terence G. Connor, Morgan, Lewis & Bockius, Miami, Fla., for Amicus, Intern. Council of Cruise Lines.

James E. Tribble, Blackwell & Walker, P.A., Miami, Fla., for Amicus, The Com. of the Bahamas.

Before ANDERSON and DUBINA, Circuit Judges, and GIBSON*, Senior Circuit Judge.

---

* Honorable Floyd R. Gibson, Senior U.S. Circuit Judge for the Eighth Circuit, sitting by designation.

1. Section 2000e–9 gives the EEOC the same authority to enforce subpoenae as the National Labor Relations Board has under 29 U.S.C. § 161. Section 161 provides, in pertinent part:

> For the purpose of all hearings and investigations, which, in the opinion of the Board, are necessary and proper for the exercise of the powers vested in it by sections 159 and 160 of this title—
>
> (1) The Board, or its duly authorized agents or agencies, shall at all reasonable times have access to, for the purpose of examination, and the right to copy any evidence of any person being investigated or proceeded against that

ANDERSON, Circuit Judge:

The Equal Employment Opportunity Commission ("EEOC") appeals from the district court's order denying enforcement of its administrative subpoenae duces tecum. The EEOC sought to subpoena documents relating to its investigation of alleged instances of employment discrimination by appellee Kloster Cruise Ltd. ("Kloster"). We reverse, and we order Kloster to produce the subpoenaed documents.

## I. THE PROCEEDINGS BELOW

This case began when two charges of employment discrimination against Kloster were filed with the EEOC. Kloster, a Bermudian corporation, owns and operates Bahamian registered cruise ships from its offices in Miami, Florida. Judy B. Corbeille, an assistant cruise director, alleged that she was fired as a result of her pregnancy. Fernando Watson, a bar manager, charged that he had been forced to resign because of discrimination based on his race and national origin. Pursuant to its statutory duty under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, et seq., the EEOC commenced an investigation of these charges. To aid its investigation, the EEOC issued two administrative subpoenae duces tecum under 42 U.S.C. §§ 2000e–8 and 9, seeking to discover evidence relating to Kloster's corporate structure and employment practices. After Kloster refused to comply with the subpoenae, the EEOC sought judicial enforcement in the district court pursuant to 42 U.S.C. § 2000e–9.[1]

---

relates to any matter under investigation or in question. The Board, or any member thereof, shall upon application of any party to such proceedings, forthwith issue to such party subpenas requiring the attendance and testimony of witnesses or the production of any evidence in such proceeding or investigation requested in such application. Within five days after the service of a subpena on any person requiring the production of any evidence in his possession or under his control, such person may petition the Board to revoke, and the Board shall revoke, such subpena if in its opinion the evidence whose production is required does not relate to any matter under investigation, or any matter in question in such proceedings, or if in its opinion such

The district court declined to enforce the subpoena. *EEOC v. Kloster Cruise Ltd.,* 743 F.Supp. 856 (S.D.Fla.1990). Although finding that the employees worked both in the United States and elsewhere, and that Kloster had its principal executive offices in Miami, the court held that the application of Title VII to foreign flagged vessels owned by a foreign corporation, without clear congressional authorization, would "undermine the sovereignty of another country" and violate principles of international law. *Id.,* 743 F.Supp. at 858. Having concluded that Title VII did not apply to Kloster's activities with respect to its cruise ship employees, the court refused to enforce the subpoenae. Although we do not decide the issue of the jurisdictional reach of Title VII with respect to owners of foreign flagged cruise ships, we reverse the district court's ruling because it was prematurely made in this subpoena enforcement action.

## II. DISCUSSION

■ It is well-settled that the role of a district court in a proceeding to enforce an administrative subpoena is sharply limited; inquiry is appropriate only into whether the evidence sought is material and relevant to a lawful purpose of the agency. *Oklahoma Press Pub. Co. v. Walling,* 327 U.S. 186, 209, 66 S.Ct. 494, 505, 90 L.Ed. 614 (1946); *Endicott Johnson Corp. v. Perkins,* 317 U.S. 501, 63 S.Ct. 339, 87 L.Ed. 424 (1943); *United States v. Feaster,* 376 F.2d 147, 149 (5th Cir.),[2] *cert. denied,* 389 U.S. 920, 88 S.Ct. 237, 19 L.Ed.2d 265

(1967); *EEOC v. Institute of Gas Technology,* 23 Fair Empl.Prac.Cas. (BNA) 825, 1980 WL 219 (N.D.Ill.1980). "It can no longer be disputed that 'a subpoena enforcement proceeding is not the proper forum in which to litigate the question of coverage under a particular statute.'" *EEOC v. Peat, Marwick, Mitchell & Co.,* 775 F.2d 928, 930 (8th Cir.1985), *cert. denied,* 475 U.S. 1046, 106 S.Ct. 1263, 89 L.Ed.2d 572 (1986) (quoting *Donovan v. Shaw,* 668 F.2d 985, 989 (8th Cir.1982)). "The initial determination of the coverage question is left to the administrative agency seeking enforcement of the subpoena." *Id.* See also *Oklahoma Press,* 327 U.S. at 214, 66 S.Ct. at 508; *Endicott Johnson,* 317 U.S. at 509, 63 S.Ct. at 343; *New Orleans Public Service, Inc. v. Brown,* 507 F.2d 160, 165 (5th Cir.1975).

■ Thus, at this stage of the litigation, "[t]he agency need not make a conclusive showing of jurisdiction to justify enforcement of the subpoena. So long as the agency makes a 'plausible' argument in support of its assertion of jurisdiction, a district court must enforce the subpoena if the information sought there is 'not plainly incompetent or irrelevant to any lawful purpose' of the agency." *EEOC v. Fremont Christian School,* 34 Fair Empl. Prac.Cas. (BNA) 1036, 1038, 1982 WL 433 (N.D.Cal.1982) (quoting *Casey v. FTC,* 578 F.2d 793, 799 (9th Cir.1978)). See also *Feaster,* 376 F.2d at 150.

■ In the instant case, many of the EEOC's requests for documents are attempts to discover information that would

---

subpena does not describe with sufficient particularity the evidence whose production is required. Any member of the Board, or any agent or agency designated by the Board for such purposes, may administer oaths and affirmations, examine witnesses, and receive evidence. Such attendance of witnesses and the production of such evidence may be required from any place in the United States or any Territory or possession thereof, at any designated place of hearing.

(2) In case of contumacy or refusal to obey a subpena issued to any person, any district court of the United States or the United States courts of any Territory or possession, within the jurisdiction of which the inquiry is carried on or within the jurisdiction of which said person guilty of contumacy or refusal to obey is found or resides or transacts business, upon application by the Board shall have jurisdiction to issue to such person an order requiring such person to appear before the Board, its member, agent, or agency, thereto produce evidence if so ordered, or there to give testimony touching the matter under investigation or in question; and any failure to obey such order of the court may be punished by said court as a contempt thereof.

2. Cases decided by the former Fifth Circuit prior to the close of business on September 30, 1981, are binding precedent under *Bonner v. City of Prichard,* 661 F.2d 1206, 1209 (11th Cir. 1981).

be relevant to jurisdiction. For example, although Kloster argues that the discharged employees were actually employed by Ivanhoe Catering International, Ltd. ("Ivanhoe"), a wholly owned Bahamian subsidiary of Kloster, the EEOC makes a colorable assertion that Ivanhoe is really a mere alter ego of Kloster. The EEOC subpoenae request information on the relationship between Kloster and Ivanhoe. The EEOC also seeks information relating to the nature and extent of Kloster's business operations in Miami, the extent to which the employment activities occurred in Miami, and whether the acts of alleged discrimination occurred in Miami. These and other facts may lead to information that will allow the EEOC to make an informed decision regarding its jurisdiction. The EEOC cannot be expected to ask only questions to which it already knows the answers. *New Orleans Public Service, Inc. v. Brown,* 507 F.2d 160, 164 (5th Cir.1975). Furthermore, Kloster does not allege that the EEOC is seeking to acquire information irrelevant to its lawful purpose, which is to investigate charges of unlawful discrimination. *See EEOC v. Institute of Gas Technology,* 23 Fair Empl.Prac.Cas. at 828 (theorizing that it might be appropriate to raise a jurisdictional challenge during a subpoena enforcement proceeding where the EEOC is attempting to investigate a charge totally unrelated to illegal discrimination).

■ There is some support for an exception to the above rules where "the lack of jurisdiction [is] so clear that to enforce the subpoena would result in an abuse of the court's process." *Id.* (citing *EEOC v. General Tire & Rubber Co.,* 22 Fair Empl.Prac. Cas. (BNA) 574, 1980 WL 119 (N.D.Ohio 1980)). In this regard, Kloster and the *amicus curiae* brief filed by the Bahamas' government take the position that the only dispositive jurisdictional factor is the "well-established rule of international law that the law of the flag state ordinarily governs the internal affairs of a ship." *McCulloch*

*v. Sociedad Nacional de Marineros de Honduras,* 372 U.S. 10, 21, 83 S.Ct. 671, 677, 9 L.Ed.2d 547 (1963). However, even assuming that such an exception to the usually limited inquiry conducted in an administrative subpoena enforcement proceeding exists, which we expressly do not decide, the Supreme Court has not indicated that the "law of the flag" is dispositive in a case such as this. Thus, we cannot conclude that there is a clear absence of jurisdiction.

■ In *Lauritzen v. Larsen,* 345 U.S. 571, 73 S.Ct. 921, 97 L.Ed. 1254 (1953), the Court considered seven factors, only one of which was the "law of the flag," to guide its resolution of the issue whether the Jones Act applied to a maritime tort action brought by a Danish seaman against a Danish owner of a Danish vessel.[3] Although the Court in *Lauritzen* indicated that the "law of the flag" was the most important factor, it is clear that the other factors can outweigh it. For example, in *Hellenic Lines Ltd. v. Rhoditis,* 398 U.S. 306, 90 S.Ct. 1731, 26 L.Ed.2d 252 (1970), the Court disregarded the foreign registration of the vessel at issue and applied the Jones Act where other *Lauritzen* factors favored application of United States law. The Court saw "no reason whatsoever to give the Jones Act a constrained construction so that this alien owner, engaged in an extensive business operation in this country, may have an advantage over citizens engaged in the same business by allowing him to escape the obligations and responsibility of a Jones Act 'employer.'" *Hellenic Lines,* 398 U.S. at 310, 90 S.Ct. at 1734. Furthermore, in *McCulloch,* 372 U.S. at 19 n. 9, 83 S.Ct. at 676 n. 9, the Court expressly did not "foreclose" inquiry beyond the "law of the flag" in contexts other than the jurisdiction of the National Labor Relations Board, *i.e.,* contexts "where the pervasive regulation of the internal order of a ship may not be present." *Id.*[4] The Title VII

---

**3.** The seven *Lauritzen* factors are: (1) the place of the wrongful act; (2) the "law of the flag;" (3) the allegiance or domicile of the injured party; (4) the allegiance of the defendant shipowner; (5) the place of the contract; (6) the accessibility of the foreign forum; and (7) the law of the forum. *Lauritzen,* 345 U.S. at 583–91, 73 S.Ct. at 928–32.

**4.** Indeed, after its decision in *McCulloch,* the Supreme Court in *Hellenic Lines* again applied

violations alleged in the instant case are sufficiently similar to Jones Act torts and sufficiently dissimilar to the pervasive regulation of the National Labor Relations Board involved in *McCulloch* such that we cannot conclude at this early stage that the EEOC clearly lacks jurisdiction.[5]

Of course, we do not decide the issue of whether Title VII will ultimately apply to the instant case, and Kloster will be free to litigate that issue before the EEOC on the basis of the facts as developed and then before the appropriate court if necessary. *See EEOC v. Institute of Gas Technology,* 23 Fair Empl.Prac.Cas. at 827. Rather, we conclude only that the jurisdictional issue was prematurely resolved by the district court in this subpoena enforcement action and that the EEOC must be allowed to investigate the facts, including the facts relevant to jurisdiction, as an initial matter. "To do otherwise would be to 'not only place the cart before the horse, but to substitute a different driver for the one appointed by Congress.'" *EEOC v. Chrysler Corp.,* 567 F.2d 754, 755 (8th Cir.1977) (quoting *Graniteville Co. v. EEOC,* 438 F.2d 32, 36 (4th Cir.1971)). Accordingly, we reverse the district court, and we order Kloster to comply with the EEOC's administrative subpoenae duces tecum.

REVERSED.

the *Lauritzen* factors and held that other factors outweighed the "law of the flag."

Furthermore, even if the "law of the flag" were dispositive, it is possible that the discovery that the EEOC seeks will establish that part of the activities of the employees occurred in Kloster's main offices in downtown Miami or elsewhere in the United States and not aboard the foreign flag vessel.

5. This case is not controlled by the Supreme Court's recent decision in *EEOC v. Arabian American Oil Co.,* — U.S. —, 111 S.Ct. 1227, 113 L.Ed.2d 274 (1991). That case held that Title VII does not apply extraterritorially to regulate employment practices of United States employers who employ United States citizens abroad. The instant case involves only the proper scope of inquiry in an action to enforce an administrative subpoena. As discussed in the text, the proper scope of our inquiry at this early stage does not include the question of the coverage of Title VII. When that issue is reached, the holding of *Arabian American Oil*—that Title VII does not cover the employment activities of employers who employ United States citizens abroad—will be a given and the issue will be whether the situs of employment for employees aboard foreign flag vessels is "abroad" or extraterritorial as contemplated by *Arabian American Oil.*