**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**FLORIDA AZALEA SPECIALISTS,**
**Defendant–Appellant.**

No. 93–2206.

United States Court of Appeals,
Eleventh Circuit.

April 22, 1994.

Frank Paul Riggs, Sun City Center, FL, for defendant-appellant.

John L. Patrick, Jr., Asst. U.S. Atty., Tampa, FL, Rose A. Briceno, Anita J. Stephens, U.S. Dept. of Justice, Washington, DC, for plaintiff-appellee.

Before COX, and DUBINA, Circuit Judges, and CLARK, Senior Circuit Judge.

DUBINA, Circuit Judge:

Appellant Florida Azalea Specialists ("Florida Azalea") appeals the district court's order enforcing a subpoena issued by an Administrative Law Judge ("ALJ") pursuant to 8 U.S.C. § 1324b(f)(2). For the reasons that follow, we affirm the district court's order.

## I. FACTS AND PROCEDURAL HISTORY

In October 1992, Carmen Polanco ("Polanco") filed a charge of unfair immigration-related employment practice against Florida Azalea. The Office of Special Counsel of the Immigration Related Unfair Employment Practices ("Special Counsel") notified Florida Azalea by certified mail of its investigation. The notification also requested information and documents required to determine whether Florida Azalea was engaged in unfair immigration-related employment practices. Florida Azalea informed the Office of Special Counsel that it would not produce the requested information. The Special Counsel then sought and obtained an administrative subpoena pursuant to 8 U.S.C. § 1324b(f)(2). Florida Azalea failed to comply with the subpoena.

After Florida Azalea failed to comply with the subpoena, the Special Counsel sought and obtained enforcement of the subpoena by the district court pursuant to 8 U.S.C. § 1324b(f)(2). Florida Azalea filed an emergency motion to stay the district court's order enforcing the subpoena. The district court denied the motion. Florida Azalea filed a Notice of Interlocutory Appeal and a motion to stay compliance with the subpoena. This court denied the motion to stay. Thereafter, Florida Azalea complied with the subpoena. Subsequently, based upon a review of the subpoenaed documents and information, the Special Counsel dismissed the charge of discrimination, declined to file a complaint against Florida Azalea, and referred the complaint to the Equal Employment Opportunity Commission ("EEOC").

## II. DISCUSSION

### A. Mootness

■ Due to Florida Azalea's compliance with the subpoena, the government contends that this appeal is moot as there no longer exists a "case or controversy" for this court to consider. *See North Carolina v. Rice,* 404 U.S. 244, 246, 92 S.Ct. 402, 404, 30 L.Ed.2d 413 (1971). Thus, we must first address the threshold question of mootness. "We consider questions of mootness under a plenary standard of review." *Reich v. Local 30, IBT,* 6 F.3d 978, 984 (3rd Cir.1993); *State of New Jersey Dept. of Environmental Protection & Energy v. Heldor Industries,* 989 F.2d 702, 705 (3rd Cir.1993). *See also Wakefield v. Church of Scientology,* 938 F.2d 1226, 1229 (11th Cir.1991) ("[w]hen addressing mootness, we determine whether judicial activity remains necessary").

■ Under Article III of the Constitution, federal court jurisdiction depends on the "existence of a case or controversy." *North Carolina v. Rice,* 404 U.S. at 246, 92 S.Ct. at 404. The case or controversy doctrine places a dual limitation upon federal courts which is termed "justiciability." *Flast v. Cohen,* 392 U.S. 83, 94–95, 88 S.Ct. 1942, 1949–50, 20

L.Ed.2d 947 (1968). Justiciability seeks to ensure that federal courts address only questions which are presented in an adversarial context and that the judiciary does not encroach upon the powers of other branches of government. *Flast*, 392 U.S. at 94–95, 88 S.Ct. at 1949–50. Therefore, a federal court has no authority "to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it." *Mills v. Green*, 159 U.S. 651, 653, 16 S.Ct. 132, 133, 40 L.Ed. 293 (1895). "For that reason, if an event occurs while a case is pending on appeal that makes it impossible for the court to grant 'any effectual relief whatever' to a prevailing party, the appeal must be dismissed." *Church of Scientology of California v. U.S.*, — U.S. ——, ——, 113 S.Ct. 447, 449, 121 L.Ed.2d 313 (1992) (citations omitted).

The question of mootness in the present case is controlled by the Supreme Court's decision in *Church of Scientology*. In that case, the district court ordered a state-court clerk to comply with a summons issued by the Internal Revenue Service ("IRS"). The summons requested production of two tapes recording conversations between officials of the Church of Scientology ("the Church") and their attorneys. The Church filed a timely notice of appeal, but its request for a stay of the summons enforcement order was unsuccessful and copies of the tapes were delivered to the IRS while the appeal was pending. The Court of Appeals dismissed the appeal as moot, finding that no controversy existed because the IRS had already obtained the tapes. The Supreme Court vacated and remanded, holding that compliance with the summons enforcement order did not moot the Church's appeal.[1] The Court reasoned that although the Court of Appeals cannot return the parties to the "status quo ante," the court can effectuate a partial remedy by ordering the government to destroy or return any and all copies of the tapes in its possession. *Church of Scientology*, — U.S. at ——, 113 S.Ct. at 450.

As in *Scientology*, we could effectuate a partial remedy to Florida Azalea by ordering the government to return or destroy the documents sought by the subpoena if we held that the subpoena was improperly issued and enforced. Although the Special Counsel determined not to pursue an action against Florida Azalea, the Special Counsel referred the case to the EEOC for investigation. Therefore, a potential for further action exists. Accordingly, this appeal is not moot because if we hold that the subpoena was improperly issued, Florida Azalea would be entitled to a partial remedy in the form of return or destruction of its documents.

**B.  Enforcement of Subpoena**

■ Having resolved the jurisdictional issue, we now turn to the merits of the appeal. Florida Azalea contends that the ALJ did not have the authority to issue the administrative subpoena. In considering this issue, "[w]e apply a *de novo* standard of review to an agency's conclusions of law ... [and] we give a certain amount of deference to an agency's reasonable construction of a statute it is charged with administering." *Mester Manufacturing Co. v. INS*, 879 F.2d 561, 565 (9th Cir.1989). *See also Peters v. United States*, 853 F.2d 692, 695 (9th Cir.1988) ("the scope of the INS's subpoena power ... [is a] question[ ] of law which we review *de novo*").

The Supreme Court has recognized the broad investigatory power of administrative agencies:

Because judicial power is reluctant if not unable to summon evidence until it is shown to be relevant to issues in litigation, it does not follow that an administrative agency charged with seeing that the laws are enforced may not have and exercise powers of original inquiry. It has a power of inquisition, if one chooses to call it that, which is not derived from the judicial function. It is more analogous to the Grand Jury, which does not depend on a case or controversy for power to get evidence but can investigate merely on suspicion that the law is being violated, or even just because it wants assurance that it is not.

---

1. In reaching this conclusion, the Court noted an array of decisions enforcing Federal Trade Commission discovery requests. *See id.* at ——, n. 9, 113 S.Ct. at 451, n. 9.

*United States v. Morton Salt Co.,* 338 U.S. 632, 642–43, 70 S.Ct. 357, 364, 94 L.Ed. 401 (1950). See also *Peters,* 853 F.2d at 696 ("[t]he authority of an administrative agency to issue subpoenas for investigatory purposes is created solely by statute").

"It is well-settled that the role of a district court in a proceeding to enforce an administrative subpoena is sharply limited; inquiry is appropriate only into whether the evidence sought is material and relevant to a lawful purpose of the agency." *EEOC v. Kloster Cruise Ltd.,* 939 F.2d 920, 922 (11th Cir. 1991). "As a general rule, an administrative subpoena should be enforced 'if the inquiry is within the authority of the agency, the demand is not too indefinite and the information sought is reasonably relevant.'" *Federal Election Com'n v. Florida for Kennedy Committee,* 681 F.2d 1281, 1284 (11th Cir. 1982) (citations omitted). *See also Burlington Northern R. Co. v. Office of Inspector General R.R. Retirement Bd.,* 983 F.2d 631, 638 (5th Cir.1993).

The Immigration Reform and Control Act of 1986 ("IRCA"), 8 U.S.C. § 1324b, prohibits discrimination in hiring, firing or recruitment or referral for a fee based on an individual's national origin or citizenship status. *See* 8 U.S.C. § 1324b(a)(1). Any person alleging that he or she was adversely affected by an unfair immigration-related practice may file a charge of discrimination with the Office of Special Counsel. *Id.* The Special Counsel must investigate each complete charge received within 120 days of its receipt to determine whether there is reasonable cause to believe the charge is true, and if a complaint should be brought before an ALJ. *Id.* at § 1324b(d)(1). If the Special Counsel does not file such a complaint within the 120 day period, the Special Counsel must notify the charging party who can then file a complaint with an ALJ within 90 days of the charging party's receipt of the Special Counsel's notice. *Id.* at § 1324b(d)(2).

In the present case, the Special Counsel meets the first criteria enunciated in *Federal Election Com'n.* The authority to investigate is granted by Congress to the Special Counsel pursuant to 8 U.S.C. § 1324b(f)(2). Under this subsection, the Special Counsel must be given reasonable access to examine the evidence of any person or entity under investigation. To enable the Special Counsel to exercise this authority, the IRCA empowers the ALJ to issue subpoenas to compel the attendance of witnesses and the production of evidence. *Id.* When an individual or entity fails to comply with such a subpoena, a United States District Court, upon application by the ALJ, may issue an order enforcing the subpoena. *Id.* Such application may be made by the ALJ through appropriate counsel. *See* 28 C.F.R. § 68.25(d) (1992).

Florida Azalea contends that the IRCA does not authorize the issuance of subpoenas during the investigation of a charge but only allows subpoenas to be issued after a complaint has been filed before an ALJ. Specifically, Florida Azalea argues that because the relevant IRCA subsection governing the issuance and enforcement of subpoenas is situated in the statute after the subsections governing investigations and hearings, subpoenas can be issued only after a complaint has been filed. This argument ignores the express language of the provision which states:

> In conducting investigations and hearings under this subsection and in accordance with regulations of the Attorney General, the Special Counsel and the administrative law judge shall have reasonable access to examine evidence of any person or entity being investigated. The administrative law judges by subpoena may compel the attendance of witnesses and the production of evidence at any designated place or hearing. In case of contumacy or refusal to obey a subpoena lawfully issued under this paragraph and upon application of the administrative law judge, an appropriate district court of the United States may issue an order requiring compliance with such subpoena and any failure to obey such order may be punished by such court as a contempt thereof.

8 U.S.C. § 1324b(f)(2).

Hence, the authority of the Special Counsel to obtain evidence from Florida Azalea in the course of the investigation, and the ALJ's authority to compel the production of such evidence by subpoena, are clear from the face of the statute. This provision expressly

states that the production of such evidence may be compelled at "any designated place or hearing." *Id.* This language refers to a place designated by an investigatory subpoena, prior to a complaint being filed, and a hearing being conducted.

The second factor—whether the demand is too indefinite—is not contested by Florida Azalea. A review of the record, however, indicates that the Special Counsel followed the appropriate procedures for investigating a complaint of discrimination based on national origin. *See* 8 U.S.C. § 1324b(d)–(f). The record also demonstrates that the information requested by the Special Counsel was specific and relevant to the investigation.

Moreover, the third necessary factor is met because the subpoena requested relevant information. The measure of relevance used in subpoena enforcement actions is quite broad. The Supreme Court has stated that courts are obligated to enforce a subpoena if "the demand is not too indefinite and the information sought is reasonably relevant." *See United States v. Morton Salt Co.,* 338 U.S. at 652, 70 S.Ct. at 369. In this case, the charge alleged that Florida Azalea discriminated against Polanco by refusing to hire her because of her national origin. The Special Counsel sought information and documents related to Polanco's charge. These requests were relevant to the charge of discrimination. *See* R. 1–6, pp. 8–10.

Most law enforcement agencies that are granted investigatory authority by statute have the authority to compel the production of evidence by subpoena during an investigation. Indeed, the two agencies most analogous to the Special Counsel in terms of mission, the EEOC and the National Labor Relations Board, have the power to compel the production of evidence by subpoena during the course of an investigation. 42 U.S.C. §§ 2000e–8(a), 2000e–9; 29 U.S.C. § 161(1). Similar authority is granted the Secretary of Agriculture, 7 U.S.C. § 2909; the Federal Trade Commission, 15 U.S.C. § 49; the Federal Maritime Commission, 46 U.S.C. § 1124; the Interstate Commerce Commission, 49 U.S.C. § 12; and the Secretary of the Treasury, 26 U.S.C. § 7602(a). The fact that these agencies issue their own subpoenas

rather than applying to an ALJ, does not negate the authority of an agency to compel the production of evidence by subpoena during the course of an investigation.

### III. CONCLUSION

Florida Azalea's compliance with the administrative subpoena does not render this appeal moot because if this court determined that the subpoena was not properly enforced, a remedy could be effectuated for Florida Azalea. However, this court holds that the administrative subpoena was properly issued and enforced by the district court. Therefore, we affirm the district court's order enforcing the administrative subpoena.

AFFIRMED.