**GENERAL DYNAMICS CORPORATION, Petitioner,**

v.

**UNITED STATES of America; Office of the Chief Administrative Hearing Officer, Respondents.**

No. 93–70585.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 8, 1995.

Decided March 1, 1995.

Fred M. Plevin, Gray, Cary, Ames & Frye, San Diego, CA, for petitioner.

Bruce Friedman, Office of Special Counsel for Immigration Related Unfair Employment Practices, U.S. Dept. of Justice, Washington, DC, for respondents.

Before: TROTT, FERNANDEZ, and T.G. NELSON, Circuit Judges.

TROTT, Circuit Judge:

## OVERVIEW

General Dynamics Corp. ("General Dynamics") petitions for review from the decision of the Administrative Law Judge ("ALJ"), Executive Office for Immigration Review, denying General Dynamics's request for attorney's fees. General Dynamics successfully defended against an action brought by the United States alleging that General Dynamics engaged in a pattern or practice of citizenship status discrimination in violation of the Immigration Reform and Control Act of 1986 ("IRCA"), 8 U.S.C. § 1324b. After holding an evidentiary hearing, the ALJ ruled in favor of General Dynamics and dismissed the government's complaint. The ALJ, however, denied General Dynamics's request for attorney's fees after determining the statutory prerequisite to a fee award had not been satisfied.

We have jurisdiction pursuant to 8 U.S.C. § 1324b(i). Because we are unable to detect a waiver of sovereign immunity that would allow General Dynamics to recover attorney's fees from the United States, we deny the petition for review.

## BACKGROUND

1. *Statutory Framework*

The IRCA addresses two very different immigration problems. Section 1324a imposes sanctions against employers who knowingly hire or continue to employ aliens not authorized to work in the United States. 8 U.S.C. § 1324a(a). On the other hand,

§ 1324b is an anti-discrimination provision which prohibits citizenship status and national origin discrimination with respect to the hiring and firing of employees. 8 U.S.C. § 1324b(a).

Although § 1324b of the IRCA was enacted as an amendment to the Immigration and Nationality Act of 1952 ("INA"), 8 U.S.C. § 1101 *et seq.*, the protections it provides are similar to the safeguards embodied in more familiar civil rights legislation. For example, § 1324b augments the goals found in Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.*, by extending the prohibition against national origin discrimination to employers with less than fifteen, but more than three, employees. 8 U.S.C. § 1324b(a)(2). Additionally, § 1324b prohibits employer discrimination based on citizenship status, a proscription not encompassed by other anti-discrimination statutes.

Alleged violations of § 1324b may be challenged either by the Office of Special Counsel for Immigration Related Unfair Employment Practices ("OSC") or by a private individual in an action brought before the Office of the Chief Administrative Hearing Officer ("OCAHO"). 8 U.S.C. § 1324b(d). Before an individual can instigate a private action, however, the claim first must be filed with the OSC. 8 U.S.C. § 1324b(b). If the OSC fails to file a complaint within 120 days of receiving the claim, the individual making the charge may initiate a private action before the OCAHO. 8 U.S.C. § 1324b(d)(2).

### 2. *Facts and Prior Proceedings*

The OSC, on its own initiative, filed a complaint against General Dynamics alleging General Dynamics engaged in a pattern or practice of citizenship status discrimination against U.S. workers, in violation of § 1324b. The OSC specifically claimed that General Dynamics entered into a contract to obtain certain skilled English workers, and that the contract excluded available and qualified U.S. workers from consideration for those same positions.

After holding a five day hearing, the ALJ determined that the reasons advanced by General Dynamics for favoring English contract workers were legitimately based on nondiscriminatory business considerations. Accordingly, the ALJ dismissed the OSC's complaint.

Without the benefit of a hearing, the ALJ ruled on General Dynamics request for attorney's fees. The ALJ determined that 8 U.S.C. § 1324b(h) allowed for an award of attorney's fees to General Dynamics as the prevailing party if the OSC's arguments were without reasonable foundation in law and fact. After determining that the OSC's case "addressed legitimate issues throughout the pleading stage and during the evidentiary hearing," the ALJ denied General Dynamics request.

General Dynamics petitions for review of the ALJ's decision. Claiming the ALJ made numerous errors, General Dynamics requests this case be remanded with an order directing the ALJ to hold a hearing on its fee request. The government claims that further proceedings are unnecessary because sovereign immunity prevents General Dynamics from recovering attorney's fees from the United States. The government is correct.

### DISCUSSION

■ It is axiomatic that without a waiver of sovereign immunity the United States is "immune from claims for attorney's fees." *Ruckleshaus v. Sierra Club*, 463 U.S. 680, 685, 103 S.Ct. 3274, 3278, 77 L.Ed.2d 938 (1983). The Supreme Court has often stated that such a waiver " ' "cannot be implied but must be unequivocally expressed." ' " *Irwin v. Department of Veterans Affairs*, 498 U.S. 89, 95, 111 S.Ct. 453, 457, 112 L.Ed.2d 435 (1990) (quoting *United States v. Mitchell*, 445 U.S. 535, 538, 100 S.Ct. 1349, 1351, 63 L.Ed.2d 607 (1980), and *United States v. King*, 395 U.S. 1, 4, 89 S.Ct. 1501, 1503, 23 L.Ed.2d 52 (1969)). Our task is to determine whether Congress has made the United States liable for attorney's fees when the government is the losing party in an administrative adjudication initiated under § 1324b. We conclude Congress has not.

As an initial matter, we note that the Equal Access to Justice Act ("EAJA"), 5 U.S.C. § 504, allows a prevailing party to

recover attorney's fees from the United States in an adversary administrative proceeding conducted under § 554 of the Administrative Procedure Act ("APA"). *See Ardestani v. INS,* 502 U.S. 129, 132–33, 112 S.Ct. 515, 518, 116 L.Ed.2d 496 (1991). However, the Supreme Court recently reiterated that the APA does not, by its own force, apply to proceedings governed by the INA. *Id.* at 132–39, 112 S.Ct. at 518–21. Section 1324b, an amendment to the INA, is therefore not subject to the general waiver provided by the EAJA.

Congress can, of course, specifically require that INA proceedings be conducted in conformance with § 554 of the APA. And Congress did so when enacting § 1324a of the IRCA. 8 U.S.C. § 1324a(e)(3)(B). Accordingly, we have held that an award of attorney's fees pursuant to § 1324a is governed by the EAJA. *Mester Mfg. Co. v. INS,* 900 F.2d 201, 203 (9th Cir.1990). Congress did not, however, subject § 1324b adjudications to the requirements of the APA. *See* 8 U.S.C. § 1324(b)(e).

Without the authorization supplied by the EAJA, any waiver of sovereign immunity must be found in the statutory text of § 1324(b). Section 1324b(h), the provision governing an award of attorney's fees, states:

**Awarding of attorneys' fees.** In any complaint respecting an unfair immigration-related employment practice, an administrative law judge, in the judge's discretion, may allow a prevailing party, other than the United States, a reasonable attorney's fee, if the losing party's argument is without reasonable foundation in law and fact.

Clearly, the language of this provision, does not explicitly authorize a prevailing party to recover attorney's fees from the United States. An action under § 1324b can be initiated by a private individual, and thus "the losing party" in an administrative adjudication might often be a party other than the United States.

◼ Our review of fee provisions from statutes similar in purpose and structure to

§ 1324b reveals that when Congress intended to make the United States liable for attorney's fees it did so expressly. For instance, the fee provision of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 *et seq.,* states with clarity Congress's intent to waive sovereign immunity:

In any action or administrative proceeding commenced pursuant to this chapter, the court or agency, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee ... and *the United States shall be liable for the foregoing the same as a private individual.*

42 U.S.C. § 12205 (Supp. III 1991) (emphasis added). Similarly, the fee provision of Title VII states: "the Commission and the United States shall be liable for costs the same as a private person." 42 U.S.C. § 2000e–5(k). These examples provide ample support for the proposition that without an express waiver of sovereign immunity the United States is not liable for attorney's fees.

General Dynamics asks us to imply a waiver, arguing that because § 1324b(h) allows attorney's fees to be awarded in "any complaint" where the losing party's position is unreasonable, the provision necessarily encompasses complaints filed by the United States. A showing of ambiguity, however, is insufficient to support a claim that Congress waived sovereign immunity.[1]

The Supreme Court consistently has held that liability attaches to the United States only if Congress's intent to waive the government's immunity is "unequivocally expressed." *See, e.g., United States Dep't of Energy v. Ohio,* 503 U.S. 607, 614–27, 112 S.Ct. 1627, 1633–40, 118 L.Ed.2d 255 (1992) (requiring an express waiver in the text of the statute); *United States v. Nordic Village, Inc.,* 503 U.S. 30, 33–38, 112 S.Ct. 1011, 1014–16, 117 L.Ed.2d 181 (1992) (insisting that waivers of immunity be expressed in the statutory text); *Library of Congress v. Shaw,* 478 U.S. 310, 320, 106 S.Ct. 2957, 2964, 92 L.Ed.2d 250 (1986) ("The Court consistently has refused to impute an intent to waive immunity from interest into the ambiguous

---

1. The legislative history accompanying the passage of § 1324b gives no indication that Congress intended to effect a waiver when adopting the "any complaint" language.

use of a particular word or phrase in a statute."). We can unearth no such expression in the statutory scheme governing § 1324b, and we therefore conclude that the United States is immune from General Dynamics's claim for attorney's fees.

The PETITION is DENIED.