62 F.3d 1418
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Sanford J. STRAUSS, Petitioner,
v.
RITE AID CORPORATION, Respondent.
 No. 95-3092.
 United States Court of Appeals, Sixth Circuit.
 Aug. 2, 1995.
 
 Before: MARTIN, GUY and DAUGHTREY, Circuit Judges.
 
 ORDER
 
 1
 Sanford J. Strauss, pro se, petitions this court for review of an Administrative Law Judge's (ALJ) decision dismissing Strauss's complaint filed under the Immigration Reform and Control Act of 1986 (IRCA). 8 U.S.C. Sec. 1324b. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Strauss first filed a charge of discrimination with the Office of Special Counsel for Immigration-Related Unfair Employment Practices (OSC) in August of 1990, alleging that Rite Aid denied him employment after he filed an application for the position of pharmacist with that employer on February 15, 1988. Pursuant to 8 U.S.C. Sec. 1324b(d), OSC investigated this charge and determined that there was "no reasonable cause to believe the charge to be true," thus refusing to bring a complaint before an ALJ. 8 U.S.C. Sec. 1324b(d)(1). Strauss failed to appeal or further pursue his 1990 charge with the OSC after the OSC failed to further investigate the claims therein.
 
 
 3
 Strauss then filed another employment application with Rite Aid, on January 6, 1992. When he did not receive a satisfactory response, he filed a second discrimination charge with OSC against this company, in February of 1994, relying on the 1988 incident and on his previous 1990 charge as the bases for this second complaint. The OSC reviewed Strauss's second claim of discrimination, but, again, determined that there was insufficient evidence to believe the charging party was discriminated against as prohibited by 8 U.S.C. Sec. 1324b. Thus, the OSC decided not to file a complaint with an ALJ regarding the matter. Thereafter, Strauss filed a complaint with the Office of the Chief Administrative Hearing Officer, Executive Office for Immigration Review (OCAHO), as permitted under 8 U.S.C. Sec. 1324b(d)(2). Rite Aid responded, stating that the reason Strauss was not employed was due to his lack of qualification.
 
 
 4
 An ALJ reviewed the charge and first concluded that Strauss's national origin claim should be dismissed for lack of jurisdiction. Specifically, the ALJ found that ALJs with the OCAHO have jurisdiction only over those national origin discrimination claims involving employers who employ between three and fourteen individuals. 8 U.S.C. Sec. 1324b(a)(2). The ALJ explained that, under Title VII of the Civil Rights Act of 1964, the Equal Employment Opportunity Commission (EEOC) has jurisdiction over claims against employers having fifteen or more employees, and that Rite Aid currently had approximately 31,832 employees, so that Strauss's national origin claims against Rite Aid should have been submitted to the EEOC. The ALJ next determined that the citizenship status claim, although properly brought to the attention of the OSC, was untimely. The ALJ found that the 1994 charge, based on Strauss's first and only interview with Rite Aid on February 15, 1988, was not filed within 180 days of the immigration-related employment practice, as required under 8 U.S.C. Sec. 1324b(d)(3). For these reasons, the ALJ dismissed the complaint in its entirety.
 
 
 5
 On appeal to this court, Strauss generally complains that the agency failed to consider "discrimination in employment," his "citizenship status," and "barring employment." It appears that Strauss is challenging the agency's judgment for failure to consider all the evidence. Strauss requests relief in the form of $350,000, representing the salary he allegedly would have earned from 1988 through 1995, had he been hired by Rite Aid as a pharmacist in 1988. Strauss also moves for in forma pauperis status on appeal.
 
 
 6
 The section of the IRCA under which this complaint was filed, 8 U.S.C. Sec. 1324b, is an anti-discrimination provision which prohibits citizenship status and national origin discrimination with respect to the hiring and firing of employees. General Dynamics Corp. v. United States, No. 93-70585, 1995 WL 81848, at * 1 (9th Cir. Mar. 1, 1995); United States v. Florida Azalea Specialists, 19 F.3d 620, 623 (11th Cir.1994). A court of appeals reviews de novo an IRCA agency's conclusions of law concerning this Act, Housing Auth. of Ft. Collins v. United States, 980 F.2d 624, 628 (10th Cir.1992); Mester Mfg. Co. v. INS, 879 F.2d 561, 565 (9th Cir.1989), and may overturn IRCA agency findings of fact that are unsupported by substantial evidence. Mester, 879 F.2d at 565.
 
 
 7
 As the ALJ properly found, discrimination claims on the basis of national origin filed against employers with over fourteen employees are exempted from the IRCA. 8 U.S.C. Sec. 1324b(a)(2)(B); 42 U.S.C. Sec. 2000e(b). Thus, the ALJ properly dismissed Strauss's national origin claim for lack of jurisdiction. The petitioner's citizenship claim was also properly dismissed, because the record clearly supports the ALJ's determination that Strauss failed to file his complaint within 180 days of the alleged discriminatory incident, as required under 8 U.S.C. Sec. 1324b(d)(3).
 
 
 8
 Accordingly, the motion for in forma pauperis status is granted for the limited purpose of deciding this appeal, and the petition for review of the ALJ's decision and order is denied. Rule 9(b)(3), Rules of the Sixth Circuit.