[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

————————

No. 13-13519

————————

D.C. Docket No. 1:12-mc-22014-JEM

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION,

                                            Plaintiff - Appellant,

versus

ROYAL CARIBBEAN CRUISES, LTD.,

                                            Defendant - Appellee.

————————

Appeal from the United States District Court
for the Southern District of Florida

————————

(November 6, 2014)


Before ED CARNES, Chief Judge, and RESTANI,[*] Judge, and MERRYDAY,[**]
District Judge.

_____

[*] Honorable Jane A. Restani, United States Court of International Trade Judge, sitting by
designation.

[**] Honorable Steven D. Merryday, United States District Judge for the Middle District of Florida,
sitting by designation.

PER CURIAM:

The Equal Employment Opportunity Commission ("the EEOC" or "the Commission") appeals the district court's denial of the EEOC's application for enforcement of its administrative subpoena issued to Royal Caribbean Cruises, Ltd. ("RCCL"). After careful consideration and with the benefit of oral argument, we affirm.[1]

## BACKGROUND

In June 2010, Jose Morabito, an Argentinean national who was employed by RCCL as an assistant waiter on one of its cruise ships, filed a charge of discrimination with the EEOC. Mr. Morabito alleged that RCCL violated the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12112, when RCCL refused to renew his employment contract after he was diagnosed with a medical condition. Mr. Morabito had been diagnosed with HIV and Kaposi Sarcoma, but he had been declared fit for duty by his physician.

RCCL responded to the charge with a position statement contending that (1) the ADA was inapplicable because Mr. Morabito was a foreign national who was employed on a ship flying the flag of the Bahamas and (2) because RCCL's ships are registered under the law of the Bahamas, RCCL was required to follow the Bahamas Maritime Authority ("BMA") medical standards for seafarers, which

---

[1] The district court had jurisdiction pursuant to 42 U.S.C. § 2000e-9 (2012) and 29 U.S.C. § 161(2). We exercise jurisdiction pursuant to 28 U.S.C. § 1291.

allegedly disqualified Mr. Morabito from duty at sea.

After receiving RCCL's position statement, the EEOC requested a list of all employees discharged by RCCL since 2010 pursuant to the BMA medical standards. RCCL objected, asserting that the ADA did not cover foreign nationals working on foreign-flagged ships and that the information sought was not relevant to Mr. Morabito's charge.

The EEOC ultimately issued an administrative subpoena, which included requests for the following information[2]:

(1) List all employees who were discharged or whose contracts were not renewed [from August 25, 2009, through present[3]] due to a medical reason . . . .

(2) For each employee listed in response to request number 1, include employee's name, citizenship, employment contract, position title, reason for and date of discharge, a copy of the separation notice and the last known contact information for each individual.

(3) For each employee listed in response to request number l, include their employment application and related correspondence, any interview notes, the identity of the person who hired the employee, how the employee obtained the position (i.e. online, in person, recruiter), the location where the employee was interviewed, and the identity and location of the person who made the final hiring decision.

---

[2] The subpoena also requested information pertaining to RCCL's general hiring and firing practices and its business operations in Miami, Florida. RCCL fully responded to these requests.

[3] The EEOC's original subpoena requested information from January 1, 2008, through present. The EEOC modified the relevant timeframe so that the information was limited to August 25, 2009, through present.

3

(4) List all persons who applied for a position but were not hired within the relevant period due to a medical reason . . . .

(5) For each employee listed in response to request number 4, include their citizenship, employment application and related correspondence, any interview notes, the identity of the person [who] hired the employee, how the employee learned of the position (i.e. online, in person, recruiter), the location where the employee was interviewed, and the identity and location of the person who made the final hiring decisions.

RCCL partially complied by providing records for employees or applicants who were United States citizens. The EEOC sought to compel enforcement of the requests for the remaining records regarding non-U.S. citizens who had been discharged or denied employment because of a medical condition.

The magistrate judge recommended that the petition to enforce the subpoena be denied on the grounds that the information sought was not relevant to Mr. Morabito's charge and that compliance with the disputed portions of the subpoena would be unduly burdensome. The EEOC filed objections with the district court. The district court rejected the EEOC's contentions and affirmed and adopted the magistrate judge's report and recommendation. The EEOC appeals.

## DISCUSSION

In investigating allegations of unlawful employment practices, the EEOC is entitled to inspect and copy "any evidence of any person being investigated or proceeded against that relates to unlawful employment practices . . . and is relevant to the charge under investigation." 42 U.S.C. § 2000e-8(a) (2012). Although

4

"courts have generously construed the term 'relevant' and have afforded the Commission access to virtually any material that might cast light on the allegations against the employer," the Supreme Court has cautioned against construing the EEOC's investigative authority so broadly that the relevancy requirement is rendered "a nullity." EEOC v. Shell Oil Co., 466 U.S. 54, 68–69 (1984). A district court also "may weigh such equitable criteria as reasonableness and oppressiveness in issuing a subpoena for documents." EEOC v. Packard Elec. Div., Gen. Motors Corp., 569 F.2d 315, 318 (5th Cir. 1978).[4]

"The 'relevance' of documents in an administrative proceeding is a mixed question of law and fact, which implies that our standard of review of such determinations should look either to 'legal error' or to 'clear error,' depending on the circumstances." Id. at 317–18. We review the district court's balancing of the relative hardships and benefits of enforcement for abuse of discretion. Id. at 318. We find no error in the district court's opinion.

As the district court noted, the record below makes clear that the disputed portions of the subpoena are aimed at discovering members of a potential class of employees or applicants who suffered from a pattern or practice of discrimination, rather than fleshing out Mr. Morabito's charge. Although statistical and comparative data in some cases may be relevant in determining whether unlawful

---

[4] All decisions of the Fifth Circuit issued prior to the close of business on September 30, 1981, are binding precedent. Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981).

discrimination occurred, the EEOC was required to make some showing that the requested information "bears on the subject matter of the[] individual complaint[]." Id.

The arguments presented by the EEOC on this point amounted to simply parroting the Supreme Court's statement that the information "might cast light on the allegations" against RCCL. Shell Oil, 466 U.S. at 69. It is not immediately clear, however, why company-wide data regarding employees and applicants around the world with any medical condition, including conditions not specifically covered by the BMA medical standards or similar to Mr. Morabito's, would shed light on Mr. Morabito's individual charge that he was fired because of his HIV and Kaposi Sarcoma diagnoses. This is especially so as RCCL admits that Mr. Morabito was terminated because of his medical condition, which RCCL alleges was required by the BMA medical standards. This does not appear to be a case where statistical data is needed to determine whether an employer's facially neutral explanation for the adverse employment decision is pretext for discrimination. We cannot say based on the record before us that the district court clearly erred in determining the interrelation, or lack thereof, between the information sought and the allegations in Mr. Morabito's charge. See Packard, 569 F.2d at 318 (holding that district court's finding that facility-wide statistical data was not relevant to individual charges of discrimination was not clearly erroneous); EEOC v. United

6

Air Lines, Inc., 287 F.3d 643, 654–55 (7th Cir. 2002) (holding that world-wide company information regarding employees who had taken medical leave of absence or had been laid off and benefits they received was not relevant to resolving individual flight attendant's charge that employer unlawfully failed to make contributions to French social security system on behalf of Americans employed or domiciled in France).

The EEOC focused most of its efforts before the district court, and in its briefs before us, on its argument that the EEOC is entitled to expand the investigation to uncover other potential violations and victims of discrimination on the basis of disability. According to the EEOC, this information is relevant because it is the same type of discrimination alleged in Mr. Morabito's charge and RCCL's reliance on the BMA standards suggests that others might have been discriminated against. We do not construe the relevancy standard so broadly. It might be that this information is related to Mr. Morabito's individual charge, but the standard by which the EEOC's subpoena power is governed is "relevant to the charge under investigation." 42 U.S.C. § 2000e-8(a) (emphasis added). The relevance that is necessary to support a subpoena for the investigation of an individual charge is relevance to the contested issues that must be decided to resolve that charge, not relevance to issues that may be contested when and if future charges are brought by others. Because RCCL has admitted that the reason

that it refused to renew Mr. Morabito's contract is his medical condition, whether it refused to renew other employee's contracts for the same reason is irrelevant to his charge. That issue is settled. Although eradicating unlawful discrimination and protecting other as-yet undiscovered victims are laudatory goals and within the Commission's broad mandate, the EEOC must still make the necessary showing of relevancy in attempting to enforce its subpoena. We agree with the magistrate judge and the district court that the broad company-wide information sought by the EEOC here has not been demonstrated to be relevant to the only contested issues that remain from those that arose as a result of the individual charge brought by Mr. Morabito.

Even if the information sought has some tenuous relevance to the charge filed by Mr. Morabito, we find no error in the district court's holding that compliance with the subpoena would be unduly burdensome to RCCL. As explained, the information sought by the EEOC is at best tangentially relevant to Mr. Morabito's individual charge of discrimination. The only issues in dispute regarding Mr. Morabito's individual charge are whether the EEOC has jurisdiction over his claim, as he is a foreign national who was employed on a foreign-flagged ship, and whether the BMA standards provide a valid justification for RCCL's employment decision. RCCL already has provided the EEOC with information regarding its corporate

8

structure, its hiring and firing practices, the BMA standards, and the circumstances surrounding Mr. Morabito's termination.  The EEOC failed to present a cogent argument as to how the additional information sought, which pertains to employees and applicants from around the world suffering from <u>any</u> medical condition, in the light of the information the EEOC already possesses, would further aid the Commission in resolving the issues in dispute regarding Mr. Morabito's charge.

To the extent that the EEOC desires this information so that it may advocate on behalf of other potential victims of employment discrimination, the need for the subpoenaed information is relatively low.  The Commission has the ability to file a Commissioner's charge alleging a pattern and practice of discrimination that could support a request for that information. <u>See</u> 42 U.S.C. § 2000e-5(b) (2012) (providing that a discrimination charge may be filed "by or on behalf of a person claiming to be aggrieved, or by a member of the Commission").  In any case, the EEOC may not enforce a subpoena in the investigation of an individual charge merely as an expedient bypass of the mechanisms required to file a Commissioner's charge.

In contrast to the limited need for the subpoenaed information to resolve Mr. Morabito's claim, the burden on RCCL in complying with the subpoena would be significant.  RCCL would be required to manually

9

review and cross-reference paper documents relating to thousands of former employees.  Additionally, RCCL would be required to collect records from independent hiring partners concerning thousands of applicants who were not hired.  To supply the information sought, RCCL estimated that it would need to divert five to seven employees from their usual tasks for forty hours a week for two months.  As the EEOC has little, if any, need for the requested information to resolve Mr. Morabito's charge, this burden is unwarranted.

Moreover, RCCL has raised a legitimate question regarding whether the EEOC has jurisdiction over the claims of foreign nationals on foreign-flagged ships, like Mr. Morabito, when doing so likely would interfere with the internal order of the vessels.  See Spector v. Norwegian Cruise Line Ltd., 545 U.S. 119, 125 (2005) ("Our cases hold that a clear statement of congressional intent is necessary before a general statutory requirement can interfere with matters that concern a foreign-flag vessel's internal affairs and operations . . . ."); Lobo v. Celebrity Cruises, Inc., 704 F.3d 882, 888 & n.10 (11th Cir. 2013) (holding that the Labor Management Relations Act and National Labor Relations Act do not apply to wage disputes between foreign-flagged ship and its foreign crew, even when ship enters U.S. waters).  Although we need not decide at this time whether the EEOC lacks

jurisdiction over claims of foreign nationals employed on foreign-flagged ships, see EEOC v. Kloster Cruise Ltd., 939 F.2d 920, 922–23 (11th Cir. 1991), the district court was justified in considering this potential jurisdictional hurdle in weighing the potential benefits and hardships of enforcing the EEOC's wide-ranging subpoena in this case.

In an attempt to challenge the district court's analysis, the EEOC cites cases from other Courts of Appeals that suggest that a party seeking to avoid enforcement of an EEOC administrative subpoena must show that compliance would interfere with its normal business operations. See Appellant's Br. 43–44 (citing EEOC v. Bay Shipbuilding Corp., 668 F.2d 304, 313 (7th Cir. 1981); EEOC v. Citicorp Diners Club, Inc., 985 F.2d 1036, 1040 (10th Cir.1993); EEOC v. Randstad, 685 F.3d 433, 452 (4th Cir. 2012)). According to the EEOC, RCCL has not even attempted to show that devoting five to seven employees for two months would disrupt its normal business operations when RCCL employs over 50,000 people and is a multi-billion dollar business.

We reject such a rigid rule in the burdensomeness analysis. The court in Packard stated that a district court is authorized to "weigh such equitable criteria as reasonableness and oppressiveness" and that "this rubric impl[ies] a balancing of hardships and benefits." 569 F.2d at 318. The use of

11

"such . . . criteria" and the plural of "hardship" and "benefit" clearly indicates that a district court may consider a number of factors in this analysis, rather than requiring specific types of evidence on a single factor. See also United Air Lines, 287 F.3d at 653 (noting that cases such as Bay Shipbuilding have suggested a party must show that compliance would threaten normal business operations but explaining "that scenario is more illustrative than categorical" and "[w]hat is unduly burdensome depends on the particular facts of each case and no hard and fast rule can be applied to resolve the question" (internal quotation marks omitted)); EEOC v. Ford Motor Credit Co., 26 F.3d 44, 47 (6th Cir. 1994) ("Essentially, this court's task is to weigh the likely relevance of the requested material to the investigation against the burden to Ford of producing the material.").

We conclude that the district court's weighing of the burden to RCCL, which certainly was not trivial, and the likely irrelevance of the information to Mr. Morabito's charge was not an abuse of discretion, especially in the light of the jurisdictional issues raised by RCCL.[5]

---

[5] We decline the EEOC's invitation to modify the scope of the subpoena. First, the possibility of modification was not presented to the district court in the objections to the magistrate judge's report and recommendation. Additionally, under the EEOC's proposed modification, RCCL would still be required to supply information regarding all applicants who were denied employment because of a medical condiction and all terminated employees who had worked on ships that entered U.S. waters. It is unclear how much this modification would reduce the burden on RCCL in reviewing the documents necessary to compile that information, and the relevancy and jurisdictional issues described above remain.

## CONCLUSION

For the foregoing reasons, the district court's denial of the EEOC's

application to enforce the administrative subpoena is

**AFFIRMED.**