**PUBLISH**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION,

     Petitioner - Appellant,

v.

TRICORE REFERENCE
LABORATORIES,

     Respondent - Appellee.

--------------------------------

EQUAL EMPLOYMENT ADVISORY
COUNCIL,

     Amicus Curiae.

No. 16-2053

_____

**APPEAL FROM THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**
**(D.C. No. 1:15-MC-00046-WJ)**
_____

Jeremy D. Horowitz, Attorney (P. David Lopez, General Counsel, Jennifer S. Goldstein, Associate General Counsel, and Margo Pave, Assistant General Counsel, with him on the briefs), Equal Employment Opportunity Commission, Washington, DC, appearing for Appellant.

Geoffrey D. Rieder (Sarah K. Downey and Lexi W. Jones, with him on the brief), Foster, Rieder & Jackson, P.C., Albuquerque, New Mexico, appearing for Appellee.

Rae T. Vann and Michael P. Bracken, NT Lakis, LLP, Washington, DC, filed a brief on behalf of amicus curiae Equal Employment Advisory Council in support of Appellee.
_____

Before **MATHESON**, **PHILLIPS**, and **McHUGH**, Circuit Judges.
_____

**MATHESON**, Circuit Judge.
_____

This appeal asks whether a district court abused its discretion in declining to enforce an administrative subpoena. The Equal Employment Opportunity Commission ("EEOC") issued a subpoena to TriCore Reference Laboratories ("TriCore") seeking information relating to an individual's charge of disability and pregnancy discrimination. After TriCore refused to comply, the EEOC asked the New Mexico federal district court to enforce the subpoena. The court denied the request, and the EEOC now appeals. Although we disagree with some of the district court's analysis, we cannot say it abused its discretion. Exercising jurisdiction under 28 U.S.C. § 1291, we therefore affirm.[1]

## I. **BACKGROUND**

We summarize the relevant statutes and then present the factual and procedural background for this appeal.

### A. *Legal Background*

1. **Title VII and the ADA**

---

[1] *See EEOC v. Dillon Cos.*, 310 F.3d 1271, 1272 (10th Cir. 2002) ("The district court's order [denying the EEOC's application to enforce an administrative subpoena] is a final judgment, and we have jurisdiction pursuant to 28 U.S.C. § 1291." (citation omitted)).

Title VII of the Civil Rights Act of 1964, as amended by the Pregnancy Discrimination Act, prohibits employers from discriminating based on sex, including pregnancy. 42 U.S.C. §§ 2000e-2(a)(1), 2000e(k). Employers must treat pregnant individuals "the same for all employment-related purposes . . . as other persons not so affected but similar in their ability or inability to work." *Id.* § 2000e(k).

The Americans with Disabilities Act of 1990, as amended by the ADA Amendments Act of 2008, ("ADA") prohibits employers from discriminating against employees on the basis of disability and requires employers to make "reasonable accommodations" to "qualified individual[s]," unless the accommodations impose an undue hardship on the employer. *Id.* §§ 12112(a), (b)(5)(A). A "qualified individual" under the ADA is someone who, "with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires." *Id.* § 12111(8). A charge alleging discrimination may be filed either by the "person claiming to be aggrieved, or by a member of the [EEOC]." *Id.* § 2000e-5(b).

2. **The EEOC's Investigative Power**

The EEOC is empowered to investigate charges of discrimination and enforce both Title VII and the ADA. *Id.* §§ 2000e-5(a)-(b), 12117(a); *EEOC v. Waffle House, Inc.*, 534 U.S. 279, 285 (2002) ("Congress has directed the EEOC to exercise the same enforcement powers, remedies, and procedures that are set forth in Title VII . . . when it is enforcing the ADA's prohibitions . . . .").

When investigating charges of discrimination, the EEOC may obtain evidence that "relates to unlawful employment practices covered by [Title VII] and is relevant to the

- 3 -

charge under investigation." 42 U.S.C. § 2000e-8(a). The EEOC also has authority to "investigate and act on a charge of a pattern or practice of discrimination." *Id.* § 2000e-6(e).

If an employer refuses to comply with the EEOC's request for information, the EEOC may issue a subpoena compelling production. *Id.* § 2000e-9 (incorporating the provisions of 29 U.S.C. § 161, which provides the power to issue subpoenas to parties under investigation). If the employer does not respond to the subpoena, the EEOC may apply to a federal district court for an order compelling the employer to provide the subpoenaed information. 29 U.S.C. § 161(2).

## B. *Factual Background*

### 1. **Ms. Guadiana's Requests for Accommodation and Her Termination**

TriCore is a medical reference laboratory with multiple locations throughout New Mexico. In 2011, Kellie Guadiana began working at TriCore's Albuquerque location as a phlebotomist—someone who draws blood.

Beginning in November 2011 and continuing into 2012, Ms. Guadiana requested accommodations to her work schedule and responsibilities due to her rheumatoid arthritis, which she asserted was exacerbated by her pregnancy. In support of her requests, Ms. Guadiana submitted notes from her doctors recommending she sit for at least 75 percent of her shift and avoid exposure to infectious diseases, a common risk faced by phlebotomists.

After reviewing her doctors' notes and meeting with her several times, TriCore's human resources department determined Ms. Guadiana could not safely perform the

essential functions of her phlebotomist position. TriCore offered Ms. Guadiana the opportunity to apply to other positions within the company for which she was qualified and whose essential functions she could perform. On May 5, 2012, after Ms. Guadiana did not apply to a new position, TriCore terminated her employment.

## 2. Charge of Discrimination and the EEOC's Investigation

On June 26, 2012, Ms. Guadiana filed a charge of discrimination with the EEOC alleging that TriCore had discriminated against her due to her disability (rheumatoid arthritis) and sex (pregnancy). In the charge, she stated:

> I am an individual with a disability of which my employer was well aware of. Since becoming pregnant I have submitted requests for accommodation because the pregnancy affects the disability. Respondent terminated my employment without any interactive process on May 5, 2012. This is a violation of the American's [sic] with Disabilities Act and Title VII of the Civil Rights Act of 1964, as amended to include the Pregnancy Act.

App. at 26.

In response, TriCore explained to the EEOC that it had provided Ms. Guadiana a reasonable accommodation by offering her the chance to apply for other positions within TriCore. As the EEOC explained in its application to enforce the subpoena, it viewed TriCore's response as suggesting a violation of the ADA because it thought the ADA required TriCore to reassign Ms. Guadiana to a vacant position rather than merely provide her an opportunity to apply for another position. TriCore's statement led the EEOC to suspect that TriCore had a "companywide policy and/or practice of refusing to provide reassignment as a reasonable accommodation to qualified individuals with disabilities." *Id.* at 17.

- 5 -

The EEOC informed TriCore in a letter that it was expanding the scope of its investigation to include the "[f]ailure to accommodate persons with disabilities and/or failure to accommodate women with disabilities (due to pregnancy)." *Id.* at 37. This additional information, according to the EEOC, was "like and related to the underlying charge" (i.e., Ms. Guadiana's original charge of discrimination) or was "based on evidence uncovered during the EEOC's investigation of the underlying charge." *Id.* The EEOC cited its Compliance Manual for its authority to expand the investigation.[2]

As part of its expanded investigation, the EEOC sent TriCore another letter requesting: (1) a complete list of TriCore employees, along with their personal identifying information, who had requested an accommodation for disability ("the disability request"); and (2) a complete list of TriCore employees who had been pregnant while employed at TriCore, including the employees' personal identifying information

---

[2] The EEOC appears to have relied on Section 22.3 of the Compliance Manual, which provides:

> The scope of the investigation will routinely include all allegations in the charge which directly affect the charging party, including those class allegations which involve the same bases and issues as those affecting the charging party. Like and related class allegations involving bases/issues not directly affecting the charging party as well as like and related issues not alleged in the charge may be included within the scope of investigation at the discretion of TMC [Top Management Committee], if, during the investigation, evidence is uncovered pointing to possible violations.

EEOC Compliance Manual, Sec. 22.3, § 803.

and whether they sought or were granted any accommodations ("the pregnancy request"). *Id.* at 36.[3] The EEOC sought that information for a four-year time frame.

TriCore refused to comply, contending the EEOC did not have an actionable claim of discrimination. On February 23, 2015, the EEOC submitted another letter seeking the same information but limited to a three-year time frame. After TriCore continued to refuse to comply, the EEOC subpoenaed the information it had sought in its February 23, 2015 letter. TriCore petitioned the EEOC to revoke the subpoena, arguing it was unduly burdensome and a "fishing expedition." *Id.* at 57, 59. The EEOC denied TriCore's petition.

## C. *Procedural Background*

After TriCore refused to comply with the EEOC's subpoena, the EEOC submitted an application to the United States District Court for the District of New Mexico requesting an order to show cause why the subpoena should not be enforced. TriCore responded, arguing the information requested was not relevant to Ms. Guadiana's charge.

The court viewed the question as a "close call," *id*. at 107, but ultimately denied the EEOC's application. It noted that the "EEOC's real intent in requesting this [information was], in fact, difficult to pin down." *Id*. at 103. To the extent the subpoena sought evidence to show TriCore had a pattern or practice of

---

[3] The EEOC also requested information about job listings to which Ms. Guadiana had applied after TriCore had determined she was unable to perform the essential functions of her job. TriCore did not object to that request.

discrimination, the court held that Tenth Circuit case law does not support such a request. To the extent the subpoena sought evidence to compare Ms. Guadiana with other TriCore employees, the court held the pregnancy request would not provide evidence of relevant comparators.

The EEOC appeals the denial of its application to enforce the subpoena.

## II. **DISCUSSION**

The sole question on appeal is whether the district court erred in declining to enforce the EEOC's subpoena.

After discussing our standard of review and the legal standards applicable to both subpoena requests, we address the EEOC's arguments that the district court erred in not enforcing: (1) the disability request, which the EEOC asserts is relevant to investigate whether TriCore had a policy of discrimination (i.e., pattern-or-practice evidence), and (2) the pregnancy request, which the EEOC asserts is relevant to investigate whether TriCore treated Ms. Guadiana less favorably than similarly situated employees (i.e., comparator evidence).[4] Because the district court did not abuse its discretion in denying enforcement of either request, we affirm.

---

[4] As discussed below, the EEOC has limited its comparator-evidence arguments on appeal to the pregnancy request.

A. *Standard of Review*

We review a district court's ruling on an EEOC subpoena application for abuse of discretion. *EEOC v. Dillon Cos.*, 310 F.3d 1271, 1274 (10th Cir. 2002).[5]

B. *Legal Standards*

As described above, the EEOC is empowered to investigate charges of discrimination, *see* 42 U.S.C. § 2000e-5(b), including to subpoena evidence that "relates to unlawful employment practices . . . and is relevant to the charge under investigation." *Id.* §§ 2000e-8(a), 2000e-9. The EEOC has the burden to demonstrate the relevancy of the information sought in the subpoena. *Dillon*, 310 F.3d at 1274.

---

[5] The Supreme Court recently granted certiorari on the applicable standard of review. *See McLane Co. v. EEOC*, 137 S. Ct. 30 (2016). It will address:

> Whether a district court's decision to quash or enforce an EEOC subpoena should be reviewed de novo, which only the Ninth Circuit does, or should be reviewed deferentially, which eight other circuits do, consistent with this Court's precedents concerning the choice of standards of review.

Petition for Writ of Certiorari, *McLane*, 137 S. Ct. 30 (2016) (No. 15-1248). Until the Supreme Court instructs otherwise, we adhere to our circuit precedent and review for abuse of discretion. *See EEOC v. Burlington N. Santa Fe R.R.*, 669 F.3d 1154, 1156 (10th Cir. 2012); *Dillon*, 310 F.3d at 1274. Our standard aligns with the weight of circuit authority applying deferential standards of review in this context. *See FTC v. Boehringer Ingelheim Pharms., Inc.*, 778 F.3d 142, 148 (D.C. Cir. 2015); *EEOC v. Royal Caribbean Cruises, Ltd.*, 771 F.3d 757, 760 (11th Cir. 2014); *EEOC v. Kronos Inc.*, 620 F.3d 287, 295 (3d Cir. 2010); *Fresenius Med. Care v. United States*, 526 F.3d 372, 375 (8th Cir. 2008); *NLRB v. Am. Med. Response, Inc.*, 438 F.3d 188, 193 (2d Cir. 2006); *EEOC v. United Air Lines, Inc.*, 287 F.3d 643, 649 (7th Cir. 2002); *United States v. Chevron U.S.A., Inc.*, 186 F.3d 644, 647 (5th Cir. 1999); *Reich v. Nat'l Eng'g & Contracting Co.*, 13 F.3d 93, 98 (4th Cir. 1993).

In the district court, the EEOC relied on the Supreme Court's statement in *University of Pennsylvania v. EEOC*, 493 U.S. 182, 194 (1990), that the EEOC does not need to provide a "specific reason" for requesting the information. App. at 16. The EEOC argued that, because it need not present a "specific reason" for the requested information, the district court should defer to the EEOC's assertion that the information was relevant "so long as it is not obviously wrong." The EEOC does not advance this argument on appeal, but instead correctly states the holding of *University of Pennsylvania* as not requiring the EEOC to provide a "specific reason . . . *beyond a showing of relevance*," 493 U.S. at 194 (emphasis added and citation omitted); Aplt. Br. at 13. The EEOC therefore bore the burden in district court to show the relevancy of the subpoenaed information. *See Dillon*, 310 F.3d at 1274.

To show subpoenaed information is relevant, the EEOC must show it has a "realistic expectation rather than an idle hope that the information requested will advance its investigation." *EEOC v. Konica Minolta Bus. Sols. USA, Inc.*, 639 F.3d 366, 369 (7th Cir. 2011) (quotations omitted). It must also establish the link between the EEOC's investigatory power and the charges of discrimination. *EEOC v. Shell Oil Co.*, 466 U.S. 54, 65 (1984).

The Supreme Court has explained that the EEOC's burden to show relevancy "is not especially constraining," but added that it is nonetheless a statutory command. *Id.* at 68; *see also* 42 U.S.C. § 2000e-8. When determining whether the EEOC has met its burden, courts must be careful not to read relevancy so broadly as to render the statutory requirement a "nullity." *Shell Oil*, 466 U.S. at 69.

- 10 -

C. *Analysis*

Based on the arguments and facts presented to it, the district court did not abuse its discretion in denying the EEOC's application to enforce the subpoena.

We agree with the district court that the "EEOC's real intent in requesting this [information was], in fact, difficult to pin down." App. at 103. On appeal, the EEOC has attempted to clarify its intent, pointing to two purposes: (1) to determine whether TriCore had a pattern or practice of violating the ADA; and (2) to determine whether TriCore treated Ms. Guadiana less favorably than other comparable employees. Those purposes correspond to the two subpoena requests—with the disability request relating to the pattern-or-practice rationale and the pregnancy request relating to the comparator-evidence rationale.

1. **Pattern-or-Practice Evidence**

The EEOC argues the district court erred in denying the pattern-or-practice disability request.[6] Based on relevant case authority, we conclude the district court did not abuse its discretion in denying this request.

_____

[6] The EEOC argues the district court did not address the disability request. We disagree because the court specifically referred to the EEOC's disability request and found that it was irrelevant to Ms. Guadiana's claim. *See* App. at 105 ("[T]he Court here finds that the identification about *other* pregnant and/or disabled TriCore employees has little use in the investigation of Ms. Guadiana's individual discrimination claim.").

We also reject TriCore's argument that the pattern-or-practice rationale is a "new justification" on appeal, *see* Aplee. Br. at 22-23, as the EEOC clearly offered the pattern-or-practice justification for its request in district court, *see* App. at 16-17.

a. *Additional Legal Background*

A plaintiff may state a claim of company-wide discrimination by showing that an employer has a pattern or practice of discrimination. *Int'l Bhd. of Teamsters v. United States*, 431 U.S. 324, 336 (1977). The claim requires proof that the employer had a regular practice of discrimination—"more than the mere occurrence of isolated or 'accidental' or sporadic discriminatory acts." *Id.*

In *EEOC v. Burlington Northern Santa Fe Railroad*, 669 F.3d 1154 (10th Cir. 2012), we addressed whether the EEOC could expand an investigation beyond individual charges to seek pattern-or-practice evidence. In that case, the EEOC issued a subpoena to Burlington Northern Santa Fe Railway Company ("BNSF") stemming from its investigation of two individual charges of disability discrimination. *Burlington Northern*, 669 F.3d at 1155-56. The subpoena sought information not only about the individual charges, but also as to whether BNSF had a "pattern or practice" of discriminating against others. *Id.* at 1157. The district court sustained BNSF's refusal to comply, holding that pattern-or-practice evidence of discrimination "was not relevant to the charges under investigation." *Id.*

We affirmed, holding that, under § 2000e-8, the EEOC was entitled only to evidence "relevant to the charges under investigation" and that the two charges of disability did not refer to "any other charging party, an additional charge number, or anything else that might indicate that an additional charge [was] at issue." *Id.* Nor could the EEOC rely on its pre-subpoena letter notifying BNSF of its intent to

broaden the investigation because the letter was not a "charge" and conveyed no statutory basis for expanding the investigation. *Id.*

We rejected the notion that, because BNSF's alleged individual acts of discrimination "*could* be part of a pattern or practice of discrimination," the EEOC was entitled to such evidence. *Id*. at 1157-58. We concluded that rationale would stretch the relevance requirement under § 2000e-8 so broadly as to "render [it] . . . a nullity." *Id*. at 1158.

Without any basis to "transcend the gap between the pattern and practice investigation and the private claims," the EEOC could not expand its investigation into whether BNSF had a pattern or practice of discrimination. *Id*.

b. *Application*

The EEOC seeks pattern-or-practice evidence through its request for information about other disabled employees who had requested accommodations at TriCore.[7] Recall that the EEOC had sought this information following TriCore's admission that it had allowed Ms. Guadiana to apply to vacant positions instead of reassigning her. Assuming the EEOC is correct that TriCore's admission was

---

[7] The EEOC's opening brief makes clear that it seeks pattern-or-practice evidence only through its first request about other disabled employees, not its second request about other pregnant employees. *See, e.g.*, Aplt. Br. at 12 (heading referencing only the "First Subpoena Request"), *id.* at 16 (arguing the information sought in the first subpoena request would allow EEOC to determine how TriCore responded to disability-related accommodation requests).

tantamount to admitting an ADA violation,[8] the district court nonetheless did not abuse its discretion in ruling that such an admission did not justify the EEOC's expanded investigation into whether TriCore had a pattern or practice of violating other employees' ADA rights.

*Burlington Northern* leads to this conclusion. As in *Burlington Northern*, the EEOC's disability request referenced only the individual charge and did not mention "any other charging party, an additional charge . . ., or anything else" that might suggest the EEOC was investigating an additional charge that TriCore had a pattern or practice of discrimination. *See* 669 F.3d at 1157. And, as in *Burlington Northern*, the EEOC cannot rely on its letter informing TriCore of the EEOC's intent to expand its investigation. The letter is not a "charge" of discrimination, which is required for the EEOC to seek information about alleged discrimination under § 2000e-8. *See id.*; *see also* 42 U.S.C. § 2000e-8(a) (providing the EEOC power to investigate information that is "relevant to the charge under investigation"). Nor can the EEOC rely on its Compliance Manual, which is not a statutory basis to expand its investigation, *Burlington Northern*, 669 F.3d at 1157, and which is not entitled to special deference, *see Villescas v. Abraham*, 311 F.3d 1253, 1261 (10th Cir. 2002)

---

[8] The EEOC's view that TriCore admitted to a violation arises from both the text of the ADA and our case law. *See* 42 U.S.C. § 12111(9)(b) (defining a "reasonable accommodation" as including "reassignment to a vacant position"); *Smith v. Midland Brake, Inc.*, 180 F.3d 1154, 1165-66 (10th Cir. 1999) (en banc) (holding that employers can provide a reasonable accommodation by reassigning disabled employees to other positions, not by merely allowing them to compete equally with others for vacant positions).

(stating that the EEOC's Compliance Manual "is not entitled to any special deference by our court").

The EEOC quotes *Burlington Northern* to suggest it could expand an investigation if it "ascertains some violation warranting a broader investigation." Aplt. Br. at 13 (quoting *Burlington Northern*, 669 F.3d at 1159). But this passage must be read in the context of the entire opinion, which makes clear that a single discriminatory act does not, by itself, warrant a broader pattern-or-practice investigation. *See Burlington Northern*, 669 F.3d at 1157-58 ("Any act of discrimination *could* be part of a pattern or practice of discrimination, but not every charge of discrimination warrants a pattern or practice investigation.").[9]

The EEOC has not alleged anything to suggest a pattern or practice of discrimination beyond TriCore's failure to reassign Ms. Guadiana. In TriCore's letter responding to Ms. Guadiana's charge, where the alleged admission appears, TriCore referred only to Ms. Guadiana's case and said nothing to suggest that its actions were based on a company policy or that it had a pattern or practice of acting similarly when responding to other disabled employees' accommodation requests.

---

[9] For similar reasons, the EEOC misplaces reliance on the Supreme Court's statement in *General Telephone Co. of Northwest, Inc. v. EEOC*, 446 U.S. 318, 331 (1980) that "[a]ny violations that the EEOC ascertains in the course of a reasonable investigation of the charging party's complaint are actionable." Aplt. Br. at 13. *General Telephone* supports that the EEOC can expand its *charges* after uncovering violations during a reasonable investigation. But it does not support that the EEOC can expand its *investigation* beyond the "charge under investigation." 42 U.S.C. § 2000e-8.

- 15 -

Although the EEOC's disability request could possibly have uncovered pattern-or-practice evidence, the district court did not abuse its discretion in finding TriCore's alleged violation of the ADA—without more—was insufficient to warrant the EEOC's expanded investigation.

The EEOC argues TriCore offered Ms. Guadiana the option to apply to vacant positions only after much deliberation and consultation within the human resources department. But deliberation and consultation about a particular employee hardly points to a pattern or practice and therefore is not enough to "transcend the gap" between an individual charge of discrimination and a pattern-or-practice investigation. *See id.* at 1158 (noting that there was nothing to "transcend the gap between the pattern and practice investigation and the private claims" to justify the EEOC's expanded investigation).[10]

Although the EEOC's request to TriCore is not as broad as the "incredibly broad request" for three years of nationwide data in *Burlington Northern*, 669 F.3d at 1157, the request here rests on no firmer foundation to justify the EEOC's

---

[10] The EEOC relies on out-of-circuit cases stating that it may expand its investigation "[i]f new facts come to light during an investigation," *EEOC v. McLane Co.*, 804 F.3d 1051, 1055 (9th Cir. 2015), *cert. granted in part on other grounds*, 85 U.S.L.W. 3114 (U.S. Sept. 29, 2016) (No. 15-1248), or if a "broader picture of discrimination . . . unfolds in the course of a reasonable investigation of a specific charge," *EEOC v. Cambridge Tile Mfg. Co.*, 590 F.2d 205, 206 (6th Cir. 1979). Those cases are inapposite because the EEOC has not pointed to any "new facts," apart from the alleged admission, suggesting a "broader picture" of discrimination at TriCore. And *Burlington Northern*, which controls our disposition, holds that a single act is not enough to expand the EEOC's investigation.

expanded investigation.  The district court did not abuse its discretion in determining the EEOC had not satisfied its burden to justify its expanded investigation.  We thus affirm the court's decision not to enforce the subpoena's disability request.

## 2. **Comparator Evidence**

The EEOC argues the district court erred in denying the comparator-evidence pregnancy request.  Before considering the district court's denial of this request, we address whether forfeiture or waiver limit the EEOC's arguments on appeal, and we offer some additional legal background.

### a. *Forfeiture or Waiver of Argument*

TriCore contends the EEOC did not argue in district court that its disability and pregnancy subpoena requests would provide relevant comparator evidence.  Although the EEOC may have come close to forfeiting this argument, we cannot say that it did.[11]

---

[11] In its district court application to enforce the subpoena, the EEOC's relevancy argument focused on the information's potential to provide pattern-or-practice evidence.  Again in its reply to TriCore's opposition to the application, the EEOC focused mainly on the pattern-or-practice rationale.

But the EEOC mentioned its comparator-evidence argument in its reply memorandum in district court.  *See, e.g.*, App. at 86, 89, 90 (arguing that determining how other employees were treated was relevant to the investigation into Ms. Guadiana's charge).  Further, during the district court hearing on its subpoena application, the EEOC argued the subpoena sought information to uncover comparator evidence relevant to Ms. Guadiana's individual charge.  *See, e.g.*, App. at 141 (arguing the subpoena supports "determining whether Ms. Guadiana was treated fairly, because she was treated as everyone else, or she was treated unfairly based on how others were treated").  These arguments were apparently enough to

Continued . . .

- 17 -

That said, we do find the EEOC has waived part of its comparator-evidence argument on appeal—the part relating to its disability request. In its opening brief on appeal, the EEOC limited its comparator-evidence argument to the pregnancy request. *See* Aplt. Br. at 18.[12] The EEOC's self-imposed limitation aligns with the district court's ruling, which addressed the comparator-evidence rationale only as it pertained to the pregnancy request. *See* App. at 102-03.[13] Thus, given the EEOC's

---

alert the district court to the EEOC's comparator-evidence rationale because the court rejected the rationale as to the pregnancy request in its order denying the application.

Thus, although the EEOC could have presented its argument more clearly and completely in district court, we do not find the comparator-evidence rationale was forfeited. *See Somerlott v. Cherokee Nation Distribs., Inc.*, 686 F.3d 1144, 1150 (10th Cir. 2012) ("An issue is preserved for appeal if a party alerts the district court to the issue and seeks a ruling." (quotations omitted)).

[12] In its opening brief, the EEOC's passing references to information about disabled non-pregnant employees, Aplt. Br. at 2, 20, are insufficient to preserve the comparator-evidence rationale for the disability request. *See Holmes v. Colo. Coal. for Homeless Long Term Disability Plan*, 762 F.3d 1195, 1199 (10th Cir. 2014) (collecting cases declining to consider arguments on appeal that were inadequately briefed); *see also Murrell v. Shalala*, 43 F.3d 1388, 1389 n.2 (10th Cir. 1994) (declining to consider "a few scattered statements" and "perfunctory" arguments that failed to frame and develop an issue sufficient to invoke appellate review). This is especially so given the brief's heading limiting the EEOC's argument to pursue comparator evidence to its "second request," i.e., its pregnancy request. Aplt. Br. at 18.

[13] The EEOC's attempts to argue in its reply on appeal and at oral argument that the comparator-evidence rationale related to both requests fail. The EEOC cannot overcome its self-imposed limitation on the comparator-evidence rationale in its opening brief. *See Silverton Snowmobile Club v. U.S. Forest Serv.*, 433 F.3d 772, 783 (10th Cir. 2006) (declining to consider arguments not raised in an opening brief); *Mondragon v. Thompson*, 519 F.3d 1078, 1081 n.2 (10th Cir. 2008) (declining to consider arguments raised for the first time at oral argument).

direction in its opening brief, we consider the comparator-evidence rationale only as to the pregnancy request.

b. *Additional Legal Background*

Ms. Guadiana's disability and pregnancy discrimination charge is a disparate-treatment allegation. Disparate treatment means "that an employer intentionally treated a complainant less favorably than employees with the complainant's qualifications but outside the complainant's protected class." *Young v. United Parcel Serv., Inc.*, 135 S. Ct. 1338, 1345 (2015) (quotations omitted). "[A] plaintiff can prove disparate treatment either (1) by direct evidence that a workplace policy, practice, or decision relies expressly on a protected characteristic, or (2) by using the burden-shifting framework set forth in *McDonnell Douglas* [*Corp. v. Green*, 411 U.S. 792 (1973)]." *Id*.

*Young* provides guidance on comparator evidence. There, a plaintiff alleged a disparate-treatment claim based on her employer's failure to accommodate her pregnancy-related lifting restriction. *Id*. at 1344. The Supreme Court clarified how evidence about other similarly situated employees could support the plaintiff's claim.

First, the plaintiff could state a prima facie claim for disparate treatment by showing, among other things, that her employer accommodated non-pregnant workers "similar in their ability or inability to work." *Id*. at 1354. Second, evidence about other employees could show the employer's proffered reason for denying the accommodation was pretextual because it had "accommodated a large percentage of

nonpregnant workers while failing to accommodate a large percentage of pregnant workers" with similar lifting restrictions. *Id*. at 1354-55.

c. *Application*

The EEOC's pregnancy request seeks a list of TriCore employees who had been pregnant while employed at TriCore and information about whether the employees sought or were granted any accommodations. The district court determined the request was not relevant because non-pregnant employees—not pregnant employees—would be relevant comparators. The court also determined "[t]here would be no real comparative statistics to offer with other pregnant employees" because other pregnant employees who did not also have rheumatoid arthritis would not be similarly situated to Ms. Guadiana. App. at 105 n.9.

Unlike the district court, we think the pregnancy request may seek information that is potentially relevant to Ms. Guadiana's charge. For instance, evidence that other non-disabled, pregnant employees were granted accommodations may tend to prove that Ms. Guadiana was denied an accommodation on the basis of her disability. Also, as suggested in *Young*, possible evidence that TriCore accommodated non-pregnant employees, but not pregnant employees, might be relevant to show that a proffered reason for Ms. Guadiana's termination was pretextual. *Young*, at 135 S. Ct. 1354-55.[14]

---

[14] We disagree with the court's statement that the only type of relevant comparators would be those employees who, like Ms. Guadiana, were both pregnant

Continued . . .

The problem for the EEOC is that it did not present these relevance arguments in district court.[15] It has thus failed to meet its burden of explaining how the pregnancy request would offer information relevant to Ms. Guadiana's charge. *Dillon*, 310 F.3d at 1274.[16]

Even if the EEOC had provided such an explanation, however, its request would nonetheless be overbroad because it seeks information having no apparent connection to Ms. Guadiana's charge. Unlike the disability request that is limited to other disabled employees who sought an accommodation, the pregnancy request seeks information about pregnant employees who never sought an accommodation.

---

and suffered from rheumatoid arthritis. The Supreme Court has held that other employees need not be alike in all respects to serve as relevant comparators. *See Young*, 135 S. Ct. at 1354 ("Neither does [the *McDonnell Douglas* path] require the plaintiff to show that those whom the employer favored and those whom the employer disfavored were similar in all but the protected ways.").

[15] In its application, the EEOC argued that TriCore's actions "require[d] EEOC to investigate whether TriCore treated pregnant employees less favorably than similarly-situated non-pregnant individuals." App. at 17. In its reply to TriCore's response to the application, the EEOC argued that "determining how other employees with disabilities and/or pregnancies were treated is relevant to its investigation." App. at 90. Finally, at oral argument, the EEOC argued that the requests would help "determin[e] whether Ms. Guadiana was treated fairly, because she was treated as everyone else, or she was treated unfairly based on how others were treated." App. at 141. Those arguments are mere assertions of relevancy—not rationales as to why the comparator evidence would be relevant to investigating Ms. Guadiana's charge.

[16] For similar reasons, even if the EEOC had not waived the comparator-evidence rationale as to the disability request, it failed to meet its burden of showing relevancy of the request.

In district court, the EEOC did not proffer any reason to support how such evidence would support Ms. Guadiana's charge beyond general assertions of relevancy.[17]

Given the EEOC's paltry explanation of how the pregnancy request was relevant, the overbreadth of the request, and the EEOC's burden of showing the subpoena's relevancy to the charge, *Dillon*, 310 F.3d at 1274, we cannot say the district court abused its discretion.

\* \* \* \*

The EEOC raises two final arguments untethered to a particular subpoena request. Neither persuades us.

First, the EEOC argues the district court improperly considered the merits of the discrimination claims in its order declining to enforce the subpoena. We disagree. The court explicitly stated that the issue presented had "nothing to do with the merits of the case," App. at 100, and nothing else in the court's order suggests it acted contrary to that statement.[18]

---

[17] In its reply brief on appeal, the EEOC explains that information about pregnant women who never asked for accommodations may be relevant if their failure to do so stemmed from fear of retaliation or because they believed asking would be futile. But the EEOC forfeited that theory of relevancy by failing to raise it in district court and argue plain error on appeal, *see Richison v. Ernest Grp., Inc.*, 634 F.3d 1123, 1128-29 (10th Cir. 2011), and it waived the argument by failing to include it in its opening brief, *see Silverton Snowmobile Club*, 433 F.3d at 783.

[18] For these reasons, we need not address TriCore's argument that the subpoena should not be enforced because it has a valid defense, which is a merits-based argument that is not a proper consideration at the administrative subpoena stage. *See Dillon*, 310 F.3d at 1277 ("We will not . . . encourage or allow an

Continued . . .

Second, the EEOC argues reversal is justified to the extent the district court considered privacy interests as limiting the EEOC's subpoena power, which is contrary to the Supreme Court's decision in *University of Pennsylvania*. Although the court expressed some concerns about the EEOC obtaining such "sensitive information on other employees," App. at 107, it denied the application on relevance grounds, not on privacy grounds.

## III.  **CONCLUSION**

We affirm.  Our decision should not preclude the EEOC from formulating a request for information to overcome the concerns discussed in this opinion.

---

employer to turn a summary subpoena-enforcement proceeding into a mini-trial by allowing it to interpose defenses that are more properly addressed at trial.").